PROVIDENCE STEEL & IRON CO., INC.

v.

Ronald A. FLAMMAND d.b.a. et al.

No. 79–246–Appeal.

Supreme Court of Rhode Island.

April 11, 1980.

Abedon & Visconti Ltd., Girard R. Visconti, Providence, for plaintiff.

Cappalli, Greco & Ialongo, Richard A. Cappalli, Cranston, for defendants.

OPINION

PER CURIAM.

This case came on to be heard upon the plaintiff's motion that, acting pursuant to our Rule 16(g), we summarily affirm the judgment entered in the Superior Court.

In 1973 the defendant, Ronald A. Flammand (Flammand), a general contractor, entered into a written contract with the defendants, Kenneth E. Silvestri and Robert Gonsalves, partners who do business as Cameo Realty (Cameo), to erect an office building at 845 Oaklawn Avenue in Cranston. The plaintiff, Providence Steel & Iron Co., Inc. (Providence), furnished Flammand with the structural steel components. During this period, Flammand was also working on various other of Cameo's construction endeavors. Many of the same suppliers and subcontractors who were working at the Oaklawn Avenue project had worked or were working on some or all of Cameo's other building projects.

Cameo had secured a $200,000 construction mortgage loan for the Oaklawn Avenue facility. Under the terms of the loan, the partners were to receive $20,000 when the foundation was completed, and a second payment of $50,000 was due when the roof was "tight." After the second payment, Cameo fired Flammand, who subsequently initiated bankruptcy proceedings and was discharged. Flammand listed Providence as a creditor. Cameo had paid $10,000 of the initial $20,000 directly to Flammand. However, when the partnership received the $50,000, it paid a substantial portion of this sum to the subcontractors as payment for work done on Cameo's other jobs. Providence received nothing.

In due course, Providence initiated this civil action, claiming that the partnership

had been unduly enriched at its expense. Flammand testified that he had told the partners about the money due Providence for the steel. The partnership disputed this, but the trial justice said the evidence was overwhelming that the partnership made the decisions concerning what subcontractors would be paid from the $50,000, how much, and for what job. The trial justice found that Cameo had been unjustly enriched because the steel furnished by Providence enabled Cameo to receive the $50,000 payment; the partnership was aware at the time the second payment was received that Providence had not been paid, and they used the $11,000-plus due Providence to pay other subcontractors for work performed or materials furnished to Cameo's other endeavors. Despite the partners' protestations to the contrary,[1] we cannot fault the trial justice's action.

The motion to affirm is granted, the judgment appealed from is affirmed, and Cameo's appeal is denied and dismissed.

---

1. The partners fault the trial justice for his alleged failure to balance the equities. Specifically, they point to Providence's failure to file a lien against the subject property. The simple response to this suggestion is that the contract calling for the furnishing of the steel stipulated that Flammand's payment was not due until thirty days after all the steel had been delivered to the Oaklawn Avenue property. The last of the steel was delivered in late November 1973. The delivery stipulation pretty much nullifies Providence's ability to effect a lien because G.L.1956 (1969 Reenactment) § 34–28–4 provides that in order for a lien to be effective, notice must be given either twenty days before or after the furnishing of material or the performance of work. Providence had checked Flammand's credit before it agreed to supply the steel. The report it received gave no indication "whatsoever" as to Flammand's being a risk. When Flammand's financial difficulties finally surfaced, the twenty-day postdelivery period had long since expired.